Derek C. Anderson, OSB No. 961329
Winget Spadafora & Schwartzberg, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wssllp.com
*Counsel for Plaintiff Voya Financial Advisors, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VOYA FINANCIAL ADVISORS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> SCOTT L. BRADY, <br><br> Defendant(s). | Case No.: <br><br><br> **PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION** |

Petitioner Voya Financial Advisors, Inc. ("VFA") hereby moves that this Court issue a subpoena in aid of an arbitration pending before the Financial Industry Regulatory Authority ("FINRA"). Specifically, that a subpoena be issued for Richard Brady to appear before the FINRA Arbitration Panel for testimony during the FINRA arbitration hearing scheduled for January 24-28, 2022 in Portland, Oregon. In support of this Petition, VFA states as follows.

### I.     BACKGROUND

This Petition arises out of an arbitration pending before FINRA Dispute Resolution, captioned *Scott Brady v. Voya Financial Advisors, Inc.*, FINRA Case No. 20-02375 (the "Arbitration"). The Arbitration is set for a final hearing during the week of January 24-28, 2022.

Page | 1 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 • F: (720) 699-1801

VFA believes Richard Brady is an essential witness and that VFA will be prejudiced if Richard Brady is not subpoenaed by this Court to appear for testimony.  Mr. Brady resides in Oregon.

By way of background, Richard and Scott Brady are father and son.  Both were registered representatives with VFA in Salem, Oregon and shared a client base.  Scott Brady was terminated by VFA in October 2019.  He subsequently filed the Arbitration alleging, among other things, that his father was part of an alleged conspiracy to steal his book of business and forged client account transfer documents as part of this scheme.  He further alleges that VFA was aware of Richard's actions and participated in the alleged conspiracy.  Scott Brady, however, did not name his father as a respondent in the arbitration and does not intend to call him as a witness at the arbitration hearing.  VFA denies all of Scott Brady's allegations and maintains that, to the extent any of the alleged acts occurred, they arise out of the relationship between Scott and Richard Brady and have nothing to do their registration with VFA.  Further, an investigation was conducted into Claimant's allegations that resulted in no supporting evidence.  In reality, Scott Brady was terminated from VFA due to his failure to report a tax warrant/judgment against him from the State of Oregon.  After being terminated, Scott Brady filed the Arbitration alleging the aforementioned acts.

On September 27, 2021, in the Arbitration, VFA filed a Motion for Order Directing the Appearance of Richard Brady and for Production of Documents.  VFA argued that Rule 13513 of the FINRA Code of Arbitration Procedure for Industry Disputes allows an arbitration Panel to order the appearance of any associated person of FINRA as well as the production of documents in the possession or control those persons. Although Richard Brady was last registered with a

Page | 2 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 • F: (720) 699-1801

FINRA member firm in July 2020, Article V, Section 4 of the FINRA Bylaws states that FINRA retains jurisdiction over that individual for two years following termination of registration.[1]

The following are just some excerpts from the Amended Statement of Claim in the Arbitration that VFA cited to in its Motion seeking to direct the appearance of Richard Brady that demonstrate the necessity of his testimony:

- In 2015 and thereafter, Richard took actions which were completely inconsistent with how he had acted toward Claimant and the clients throughout the time Claimant had been working with him. Specifically, in April of 2015, Richard initially executed transfer forms for the clients he had agreed to transfer to Claimant. However, within six months, Richard transferred all of those clients' assets back to himself, without Claimant's knowledge or consent. Claimant is informed and believes, and thereon alleges, that Richard was suffering from memory loss and confusion, and was in the early stages of Alzheimers, starting in 2015, and that Richard's condition worsened thereafter. Plaintiff is further informed and believes, and thereon alleges, that Richard's mental condition changed his personality and caused him to act in an irrational manner. Plaintiff is further informed and believes, and thereon alleges, that the supervisory personnel at Voya who were responsible for overseeing Richard sought to the advantage of Richard's deteriorating condition for their own benefit, and/or failed to take reasonable action to prevent the harm that is alleged herein. **(Amended Statement of Claim at ¶ 10)**

- Between 2015 and 2019, Voya allowed Richard to transfer all of the clients Richard had promised to Claimant in 2015, plus many other clients who were either Claimant's clients, or joint clients of Claimant and Richard, to

---

[1] **Art. V Sec. 4.** (a) A person whose association with a member has been terminated and is no longer associated with any member of Corporation or a person whose registration has been revoked or canceled shall continue to be subject to the filing of a complaint under the Corporation Rules based upon conduct that commenced prior to the termination, revocation, or cancellation or upon such person's failure, while subject to the Corporation's jurisdiction as provided herein, to provide information requested by Corporation pursuant to the Corporation's Rules, but any such complaint shall be filed within: (i) two years after the effective date of termination of registration pursuant to Section 3, provided, however that any amendment to a notice of termination filed pursuant to Section 3(b) that is filed within two years of the original notice that discloses that such person may have engaged in conduct actionable under any applicable statute, rule, or regulation shall operate to recommence the running of the two-year period under this subsection; (ii) two years after the effective date of revocation or cancellation of registration pursuant to the Corporation's Rules ; or (iii) in the case of an unregistered person, two years after the date upon which such person ceased to be associated with the member.

Page | 3 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 • F: (720) 699-1801

Richard exclusively. Richard transferred approximately $30,000,000.00 of client assets from Claimant to himself during this time frame, with Voya's knowledge, consent and approval. After those transfers occurred, Voya then allowed Richard to take most of those clients out of advisory accounts and invest their assets into "A" share mutual funds or annuities, which paid a sizeable up-front commission to Richard and Voya, and nothing to Claimant. In several instances, Richard would cause clients to be transferred from Claimant to himself right before the end of the quarter, so that Richard would receive all of the commission from those clients. Richard would then transfer those same clients back to Claimant after the commissions were paid in the hope that Claimant would not notice the prior transfers or be able to ascertain why his recurring revenues were dropping. For example, there was one client, Momingstar Community Church, who Richard transferred back and forth between Claimant and himself multiple times within one year, with the transfers to Richard coinciding with the commission payment periods. In other instances, Richard would transfer a client to himself, sell the client a product with a large up-front commission, and then transfer the client back to Claimant so that Claimant would not immediately notice the drop in his recurring revenues. **(Amended Statement of Claim at ¶ 11)**

- Richard and/or his assistant caused Claimant's signatures to be forged on numerous client transfer documents, often by copying over Claimant's signature from a form Claimant had previously signed. The forgeries were readily apparent, because the identical printer error appears on Claimant's signatures on many of those forms. Claimant has also learned, from talking to the clients after discovering the forgeries, that Richard and/or Richard's assistant had caused their signatures to be forged as well, or that the clients did not know nor understand what they were signing. Voya approved all of the transfers despite obvious red flags. Claimant was not notified of any of those transfers, nor copied on any of the transfer forms. In 2016, unbeknownst to Claimant, Richard also created a document by which Claimant purported to transfer his entire book of business to Richard. Richard caused Claimant's signature to be forged on that document as well. Claimant is informed and believes, and thereon alleges, that Richard created this document with the intent of submitting it to Voya, but then forgot to do so. **(Amended Statement of Claim at ¶ 12)**

- Upon making that discovery. Claimant ran an assets under management report for Richard and himself. The assets under management report revealed that Richard had taken back all of the assets he had promised to Claimant in the 2015 agreement, and that Richard had also transferred another $15,000,000.00 of client assets from Claimant to himself. Claimant learned, in reviewing the assets under management report, that Richard had

Page | 4 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 • F: (720) 699-1801

- caused Claimant's share of the office payroll to increase from $600.00 a month to $3,000.00 a month without giving him any of the clients that were supposed to have generated the revenues that would allow Claimant to cover that additional expense without incurring financial hardship. In short, by 2018, Richard had over 80% of the clients' assets and revenues for their office, while Claimant was paying over 90% of the office's payroll and expenses. **(Amended Statement of Claim at ¶ 17)**

- In 2018, Claimant also confronted Richard about the client transfers and the increased office expense he was paying. Claimant received inconsistent and erratic responses. **(Amended Statement of Claim at ¶ 19)**

- In late 2018 and in 2019, Claimant confronted Richard about the forged forms that he had discovered. Initially, Richard denied that he had transferred any of the clients. Then, when Claimant showed him the transfer forms, Richard responded that all of the clients in question were his clients to begin with, and that he also did not remember doing any transfers. Richard also acknowledged forging Claimant's signature on the 2016 document and the transfer forms. Richard claimed he had done so as a protective measure in case Claimant ended up in jail. There is no rational reason for Richard to have believed that Claimant was at risk of going to jail. **(Amended Statement of Claim at ¶ 21)**

The Arbitration Panel granted VFA's Motion on October 21, 2021 (the "Order"). *See* Order, attached hereto as "**Exhibit A**." VFA forwarded the Order to Richard Brady on October 28, 2021. He responded to VFA on November 2, 2021 stating that he would "rather not be involved." *See* correspondence, attached hereto as "**Exhibit B.**" VFA followed up with correspondence dated December 1, 2021 reminding Richard Brady of his obligation, as a former FINRA registered representative, to appear at the hearing per the Order. *See* correspondence, attached hereto as "**Exhibit C**." VFA did not receive a response to this correspondence.

Page | 5 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 • F: (720) 699-1801

## II.    ARGUMENT

Subpoenas to appear issued by arbitrators are to be treated as those issued by the court. *Barinaga v. Cox,* Civil No. 05–1432–HU, 2007 WL 184687, *10 (D. Oregon 1/12/2007).  If a person so summoned refuses to obey the summons, upon petition, the United States District Court for the district in which the arbitrators are sitting may compel the attendance of the person before the arbitrator. *Id.*  Because of the FAA's provision that the summons is to be served in the same manner as subpoenas to appear and testify before the court, the arbitrators' authority to issue a summons is governed by Federal Rule of Civil Procedure 45. *Id.*

Here, Richard Brady was directed to appear before the arbitration panel (as opposed to subpoenaed) because he registration with FINRA had terminated less than two years prior to the issuance of the Order.  The Order was granted based on VFA's arguments that Richard Brady is a crucial witness to the defense of the arbitration claims and that VFA would be prejudiced without that testimony.  As Richard Brady has refused to cooperate, it is necessary that this Court uphold the Order and issue a subpoena.

Both Oregon law and the relevance of Richard Brady's testimony merit issuance of a subpoena by this Court. The allegations set forth above clearly show Richard Brady's involvement and the necessity of VFA being able to examine him at the arbitration hearing.  The fact that Scott Brady himself has not agreed to call Richard as a witness itself indicates that Richard's testimony is presumably unfavorable toward him.  The nature of the allegations and the significant amount of damages that Scott Brady seeks based on his father's actions require his testimony at the Arbitration.  Fairness, as well as the law, dictates that a subpoena be issued for his testimony.

Page | 6 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 • F: (720) 699-1801

WHEREFORE, for the above reasons, VFA respectfully requests that this Court grant this Petition and issue a subpoena for Richard Brady to appear for testimony at the Arbitration Hearing scheduled for January 24-28, 2022.

Dated:  December 22, 2021         Respectfully Submitted,

VOYA FINANCIAL ADVISORS, INC.,

By its attorneys,

*/s/Derek C. Anderson*
Derek C. Anderson, OSB No. 961329
Winget Spadafora & Schwartzberg, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wssllp.com

Page | 7 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 • F: (720) 699-1801

## CERTIFICATE OF SERVICE

      I, Derek C. Anderson, certify that on this 22nd day of December, 2021, the foregoing *Petition for Issuance of Subpoena in Aid of Arbitration* was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following addressees using the CM/ECF system and email.

                                            */s/Derek C. Anderson*
                                            Derek C. Anderson

Melinda Jane Steuer, Esq.
The Law Offices of Melinda Jane Steuer
1107 Second Street, Suite 230
Sacramento, CA 95184
T: (916) 930-0045
Email: msteuer@californiainvestoradvocate.com
*Attorney for Defendant Scott L. Brady*

**Page | 8 - PETITION FOR ISSUANCE OF SUBPOENA IN AID OF ARBITRATION**

WINGET SPADAFORA & SCHWARTZBERG, LLP
2440 Junction Place, Suite 101
Boulder, CO 80301
T: (720) 699-1800 ♦ F: (720) 699-1801